UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| THOMAS JOHN HEILMAN, | ) | No. CV 15-9987 JVS (FFM) |
| | ) | |
| Plaintiff, | ) | MEMORANDUM AND ORDER |
| | ) | DISMISSING COMPLAINT WITH |
| v. | ) | LEAVE TO AMEND |
| | ) | |
| R. L. FURSTER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

On December 30, 2015, plaintiff, a prisoner proceeding *pro se*, filed a civil rights complaint (the "Complaint") pursuant to 42 U.S.C. § 1983 ("Section 1983"). Where a plaintiff is an inmate seeking redress from a governmental entity, officer, or employee, the court must dismiss the complaint, or any portion thereof, if it concludes that the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief can be granted, or (2) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b) ("Section 1915A(b)").

The Court has screened the Complaint prior to allowing plaintiff to serve any defendant. The Court concludes that, under Section 1915A(b), plaintiff has arguably stated a cause of action against certain of the named defendants. However, some of plaintiff's claims do not presently state any claim for relief. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1121 (9th Cir. 2012) (dismissal for failure to state claim under Section 1915A

/ / /

1   uses "the same standard as applied in the context of failure to state a claim under Federal
2   Rule of Civil Procedure 12(b)(6)").

3

4                    **ALLEGATIONS OF COMPLAINT**

5          Plaintiff is an inmate at California Men's Colony-East. In May 2014, he had a
6   verbal disagreement with defendant B. Villa, a correctional officer, over her unfounded
7   threat to file an "RVR" against plaintiff for failing to pick up his legal mail. Plaintiff told
8   Villa he would challenge any RVR *via* a grievance. Villa told him she would not file an
9   RVR against him, but would instead  put a document in his "C" file. Documents in
10  plaintiff's "C" file affect plaintiff's parole consideration.

11         Villa subsequently put a document in plaintiff's "C" file. The document falsely
12  alleged that plaintiff was not amenable to counseling. Villa did this to retaliate against
13  plaintiff and chill his exercise of his right to file grievances. In response, plaintiff filed a
14  grievance or grievances against Villa.

15         In June 2014, defendant Ward, a sergeant, told plaintiff that plaintiff could file
16  grievances against prison staff, but prison staff knew "what happened to [plaintiff] at
17  R.J. Donovan." Plaintiff took this to be a reference to a beating plaintiff received from
18  staff at the Donovan facility. In addition, Ward tried to persuade plaintiff to drop or
19  concede his Villa grievance. Ward's conduct was in retaliation for plaintiff's filing the
20  Villa grievance and to chill plaintiff's exercise of his right to file grievances.

21         Defendant R. L. Furster, a facility captain, asked plaintiff whether he had coerced
22  his cellmate into signing a declaration in support of plaintiff's Villa grievance. Furster
23  subsequently filed a "chrono" against plaintiff falsely alleging that plaintiff was preying
24  on his cellmate. The "chrono" was in retaliation for plaintiff's Villa grievance and other
25  grievances against staff and to chill plaintiff's exercise of his right to file grievances. In
26  response, plaintiff attempted to file grievances against Furster.

27         Defendant M. Rocha, the appeals coordinator, and defendant J. Javaux, an appeals
28  analyst, wrongfully refused to accept or process plaintiff's grievances against Furster.

This was in retaliation for plaintiff's filing grievances against staff. In addition, it violated plaintiff's right of access to the courts.

In November 2013, plaintiff was falsely written up for fighting with another inmate. At the December 2013 hearing on the disciplinary charge, defendant D. Spears, a lieutenant, wrongfully denied plaintiff the right to present the other inmate as a witness and to present certain mitigating evidence, including the inmate's mental health history. Ward and defendant M. Grijalva, a lieutenant, presented false evidence on an administrative segregation placement form. Furster ordered or condoned the introduction of false evidence at the hearing. As a result, plaintiff was wrongfully found guilty.

Spears, Ward, Grijalva, and Furster violated plaintiff's due process rights at the hearing by presenting false evidence and denying him his witness and mitigating evidence. In addition, plaintiff believes that Ward and Furster informed Spears and Grijalva of plaintiff's filing grievances against staff, and Spears and Grijalva sought to retaliate against plaintiff.

## ANALYSIS

**A.      Retaliation Claims**.

        *1.      Villa, Ward, and Furster.*

An action taken in retaliation for the exercise of a First Amendment right is actionable under Section 1983. *See Hines v. Gomez*, 108 F.3d 265, 267 (9th Cir. 1997); *Pratt v. Rowland*, 65 F.3d 802, 806 (9th Cir. 1995). A First Amendment retaliation claim has five elements. First, the plaintiff must allege that the retaliated-against conduct is protected. *Watison v. Carter*, 668 F.3d 1108, 1114 (9th Cir. 2012). Second, the plaintiff must claim the defendant took adverse action against the plaintiff. *Id.* The adverse action need not be an independent constitutional violation. *Pratt*, 65 F.3d at 806. "[T]he mere threat of harm can be an adverse action." *Id.*

Third, the plaintiff must allege a causal connection between the adverse action and the protected conduct. *Watison*, 668 F.3d at 1114. "Because direct evidence of retaliatory

intent rarely can be pleaded in a complaint, allegation of a chronology of events from which retaliation can be inferred is sufficient to survive dismissal." *Id.* Fourth, the plaintiff must allege that the official's acts "would chill or silence a person of ordinary firmness from future First Amendment activities." *Rhodes v. Robinson*, 408 F.3d 559, 568 (9th Cir. 2005). (internal quotation marks and emphasis omitted). "[A] plaintiff who fails to allege a chilling effect may still state a claim if he alleges he suffered some other harm that is more than minimal." *Id.* at 568 n.11. Fifth, the plaintiff must show that the action did not reasonably advance a legitimate correctional goal. *Id.* at 568.

Prisoners have a right under the First Amendment to file prison grievances, if such procedures exist in their institutions, and to pursue civil rights litigation in the courts. Thus plaintiff sufficiently alleges constitutionally-protected conduct. *Rhodes*, 408 F.3d at 567. Plaintiff's allegation that Villa falsely placed a potentially harmful document in his "C" file after plaintiff asserted his right to file grievances appears to sufficiently allege both chilling activity and harm. So does plaintiff's allegation that Ward implied that staff could beat him if he continued to file grievances, as does the allegation Furster filed a false "chrono" against him based on his Villa grievance. *See, e.g., Rhodes*, 408 F.3d at 568 (arbitrary confiscation and destruction of property, initiation of prison transfer, and assault cognizable injury for retaliation claim); *Hines*, 108 F.3d at 267 (retaliatory issuance of false rules violation and subsequent finding of guilt).

Moreover, plaintiff appears to sufficiently allege retaliatory motive, given the timing of the above-cited conduct and the comments made by Villa and Ward. Furthermore, construing the Complaint liberally, it appears that plaintiff alleges by inference that prison officials did not have a legitimate correctional goal in the alleged wrongful conduct. Thus, plaintiff's retaliation claims arguably state a claim for relief against defendants Villa, Ward, and Furster based on the above-cited conduct.[1]

///

---

[1] This finding is without prejudice to any defendant filing a motion to dismiss based on an alleged failure to state a claim.

2.    *Spears and Grijalva (and Ward and Furster).*

However, plaintiff fails to allege a retaliation claim against Spears and Grijalva. The disciplinary hearing pre-dated the Villa grievance, and there are no alleged facts from which a retaliatory motive can be inferred. Plaintiff's conclusory allegation of a conspiracy among Spears, Grijalva, Ward, and Furster is insufficient. Nor does plaintiff allege facts from which it can be inferred that prison officials did not have a legitimate correctional goal in the alleged wrongful conduct. Plaintiff's retaliation claims against Spears and Grijalva are thus subject to dismissal. Furthermore, to the extent plaintiff claims that Ward and Furster also sought to retaliate against plaintiff by means of the disciplinary hearing, those claims are subject to dismissal as well.

3.    *Rocha and Javaux.*

Furthermore, plaintiff fails to allege a retaliation claim against Rocha and Javaux. Plaintiff's conclusory allegations do not show a retaliatory motive or the lack of a legitimate correctional goal in refusing to process plaintiff's grievances. Accordingly, plaintiff's retaliation claims against Rocha and Javaux are also subject to dismissal.

**B.    Due Process Claims.**

1.    *Spears, Grijalva, Ward, and Furster.*

Under the Fourteenth Amendment's Due Process Clause, a prisoner is entitled to certain procedural protections when he is charged with a disciplinary violation. *Wolff v. McDonnell*, 418 U.S. 539, 564-571, 94 S. Ct. 2963, 41 L. Ed. 2d 935 (1974). Such protections include the rights to call witnesses, to present documentary evidence and to have a written statement by the factfinder as to the evidence relied upon and the reasons for the disciplinary action taken. *Id.* These procedural protections, however, adhere only when the disciplinary action implicates a protected liberty interest in some "unexpected matter" or imposes an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Connor*, 515 U.S. 472, 484, 115 S. Ct. 2293, 132 L. Ed. 2d 418 (1995); *Serrano v. Francis*, 345 F.3d 1071, 1077-78 (9th Cir. 2003). Thus, in order to state a viable due process claim, plaintiff must allege not only the

1  denial of a procedural protection denoted in *McDonnell*, but also that the discipline

2  implicated a protected liberty interest.

3        Reading the Complaint liberally, plaintiff appears to adequately allege the denial

4  of procedural protections, in that he alleges he was denied the right to call a witness and

5  present mitigating evidence in the hearing on his disciplinary charge. As to a protected

6  liberty interest, plaintiff appears to allege, albeit unclearly, that he was sent to

7  administrative segregation as a result of being found guilty of the charge. However, this

8  allegation regarding administrative segregation does not suffice to show a liberty

9  interest.

10        In *Sandin*, the Supreme Court relied on three factors in determining that the

11  plaintiff possessed no "liberty interest" in avoiding disciplinary segregation:  (1)

12  disciplinary segregation was essentially the same as discretionary forms of segregation;

13  (2) a comparison between the plaintiff's confinement and conditions in the general

14  population showed that the plaintiff suffered no "major disruption in his environment;"

15  and (3) the length of the plaintiff's sentence was not affected.  *Jackson v. Carey*, 353

16  F.3d 750, 755 (9th Cir. 2003); *Resnick v. Hayes*, 213 F.3d 443, 448 (9th Cir. 2000).  If a

17  prisoner alleges the conditions in disciplinary segregation, but fails to allege how such

18  conditions differ significantly from those in other forms of discretionary segregation, or

19  the extent to which conditions are better in the general population, the prisoner fails to

20  allege a protected "liberty interest" in remaining free from confinement in disciplinary

21  segregation.  *Resnick*, 213 F.3d at 448, n.3; *see also Myron v. Terhune*, 476 F.3d 716,

22  718 (9th Cir.) (plaintiff failed to allege significant difference between each level of

23  security classification and thus failed to allege protected "liberty interest" under *Sandin*

24  in remaining in facility consistent with his security level).

25        Here, plaintiff fails to allege any differences between conditions in administrative

26  segregation and other forms of discretionary segregation. Nor does he allege how

27  conditions in general population housing differ from administrative segregation such that

28  administrative segregation would amount to a "major disruption in plaintiff's

environment." In addition, plaintiff fails to allege that his retention in administrative segregation affected the duration of his sentence. Therefore, plaintiff has failed to allege that he had a "liberty interest" in remaining free from confinement in administrative segregation. *Myron*, 476 F.3d at 718. Accordingly, he fails to allege that he was entitled to the due process protections he was denied at the disciplinary hearing. His due process claims against Spears, Grijalva, Ward, and Furster are thus subject to dismissal.

>    2.    *Rocha and Javaux.*

Prisoners have no stand-alone due process rights related to the administrative grievance process. *See Mann v. Adams*, 855 F.2d 639, 640 (9th Cir. 1988); *see also Ramirez v. Galaza*, 334 F.3d 850, 860 (9th Cir. 2003) (holding that there is no liberty interest entitling inmates to a specific grievance process). Because there is no right to any particular grievance process, it is impossible for due process to have been violated by ignoring or failing to properly process grievances. *Ortega v. Virga*, No. CIV S-11-2680-KJM, 2012 WL 1552724, at *1 (E.D. Cal. May 1, 2012). Accordingly, plaintiff's due process claim against Rocha and Javaux is subject to dismissal.

## C.    <u>Denial of Access to the Courts.</u>

Prisoners retain a First Amendment right to petition the government through the prison grievance process. *See Lewis v. Casey*, 518 U.S. 343, 346, 116 S. Ct. 2174, 135 L. Ed. 2d 606 (1996); *Bounds v. Smith*, 430 U.S. 817, 821, 97 S. Ct. 1491, 52 L. Ed. 2d 72 (1977). Therefore, interference with the grievance process may, in certain circumstances, implicate the First Amendment.

The right of access to the courts, however, only requires that prisoners have the capability of bringing challenges to sentences or conditions of confinement. *See Lewis*, 518 U.S. at 357. Moreover, the right is limited to non-frivolous criminal appeals, habeas corpus actions, and Section 1983 suits. See *id.* at 353 n.3 & 354-55. Furthermore, the prisoner must allege an actual injury in the form of prejudice with respect to contemplated or existing litigation, such as the inability to meet a filing deadline or present a non-frivolous claim. *See id.* at 349; *see also Phillips v. Hust*, 477 F.3d 1070,

1075 (9th Cir. 2007). Even if the prisoner makes this showing, the denial of access claim will fail if the hindrance of the prisoner's access to court was reasonably related to legitimate penological interests. *See Lewis*, 518 U.S. at 361.

Here, plaintiff has not alleged sufficient facts to support this claim. His allegations that Rocha and Javaux wrongfully screened out his grievances against Furster is conclusory. Without further factual allegations about the circumstances surrounding the screening-out of his grievances, the Court cannot evaluate the constitutionality of his claim. In addition, plaintiff fails to explain how Rocha and Javaux violated his rights by screening out his grievances. For example, he fails to allege that he missed a filing deadline in a court, or that he could not present a non-frivolous claim against Furster to the courts because Rocha and Javaux prevented him from exhausting the claim. See *Booth v. Churner,* 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L. Ed. 2d 958 (2001) (discussing exhaustion requirement in Section 1983 action). Accordingly, plaintiff's claim that Rocha and Javaux denied him access to the courts is subject to dismissal.

**D.      Plaintiff Will Be Granted Leave to Amend.**

*Pro se* litigants in civil rights cases should be given leave to amend their complaints unless it is absolutely clear that the deficiencies cannot be cured by amendment. *Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000); *see also Lucas v. Dep't of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995) (*per curiam*).  The Court will provide plaintiff with another opportunity to state claims against (1) Rocha and Javaux for retaliation, violation of plaintiff's due process rights, and denial of access to the courts in connection with plaintiff's grievances; and (2) Spears, Grijalva, Ward, and Furster for violation of plaintiff's due process rights and retaliation in connection with the hearing on plaintiff's disciplinary charge. Should plaintiff choose to file a First Amended Complaint, plaintiff should address the specific deficiencies described above.

/ / /

/ / /

/ / /

**CONCLUSION**

If plaintiff still wishes to pursue claims against (1) defendants Rocha and Javaux for retaliation, violation of plaintiff's due process rights, and denial of access to the courts in connection with plaintiff's grievances; and (2) defendants Spears, Grijalva, Ward, and Furster for violation of plaintiff's due process rights and retaliation in connection with the hearing on plaintiff's disciplinary charge, he is granted **thirty (30) days** from the date of this Order within which to file a First Amended Complaint, curing the defects in the Complaint described above. The First Amended Complaint shall be complete in itself and shall bear both the designation "First Amended Complaint" and the case number assigned to this action. It shall not refer in any manner to the prior Complaint.

Plaintiff is advised that pursuant to Federal Rule of Civil Procedure 8(a), all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief." For each of his claims, he should clearly state which of his rights he alleges was violated, the defendant(s) that caused the violation(s), the specific acts of misconduct by the named defendant(s) that caused the violation(s), and the injury he suffered as a direct result of the defendants' actions.

If plaintiff elects to proceed solely against defendants Villa, Ward, and Furster for retaliation in connection with plaintiff's grievances against staff (*see* Section A.1, *supra*), he should so inform the Court within 30 days.

**Plaintiff is explicitly cautioned that failure to timely file a statement that he intends to proceed solely against defendants Villa, Ward, and Furster or file a First Amended Complaint that corrects the deficiencies described above, will result in a recommendation that this action be dismissed for the reasons stated above and/or**

/ / /

/ / /

/ / /

/ / /

9

1  **for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b) as against**

2  **all defendants except defendants Villa, Ward, and Furster.**

3

4  DATED: February 26, 2016

5

6                                                        /S/ FREDERICK F. MUMM

7                                                        FREDERICK F. MUMM
                                                          United States Magistrate Judge

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28